**Lawrence MENDY, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 07–5475–ag.**

United States Court of Appeals, Second Circuit.

Feb. 5, 2009.

---

Brian I. Kaplan, Goldberg & Kaplan, LLP, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Carol Federighi, Senior Litigation Counsel; Matthew A. Spurlock, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: JOSÉ A. CABRANES, SONIA SOTOMAYOR and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Lawrence Mendy, a native and citizen of The Gambia ("Gambia"), seeks review of a November 7, 2007 order of the BIA affirming the January 3, 2006 decision of Immi-gration Judge ("IJ") William Van Wyke, pretermitting his application for asylum, and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Lawrence Mendy,* No. A97 908 375 (B.I.A. Nov. 7, 2007), *aff'g* No. A97 908 375 (Immig. Ct. N.Y. City Jan. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that an asylum applicant is not credible and emphasizes particular aspects of the IJ's decision, we review both the BIA's and the IJ's opinions. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d cir.2006) (citing *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394–95 (2d Cir.2005)). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

We find that the agency's adverse credibility determination is supported by substantial evidence. Here, the IJ relied on internal inconsistencies in Mendy's testimony as well as inconsistencies between his testimony and his supporting documentation concerning: (1) when Mendy began his military service, (2) whether he was incarcerated in 2001, (3) when he was arrested in 2003, and (4) when he sought medical treatment after his release from detention in 2003. Contrary to Mendy's argument, under the REAL ID Act, it was proper for the IJ to rely on these inconsistencies in making his adverse credibility finding, regardless of whether they were "minor." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). We note, however, that these inconsistencies go to the heart of Mendy's claim because they cast doubt on

whether he was ever arrested or mistreated.

The IJ also expressed concern about Mendy's failure to corroborate his claim that an attempted coup occurred in 2003— the event that allegedly resulted in his arrest. An applicant's failure to corroborate his testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Here, having called Mendy's credibility into question, the IJ acted well within his discretion in drawing an adverse inference from Mendy's failure to corroborate a central element of his claim, particularly where it should have been easily verifiable. *See id.*

Together, this lack of corroboration and the inconsistencies in the record provide substantial evidence in support of the IJ's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic,* 519 F.3d at 95. Accordingly, the IJ properly denied Mendy's application for withholding of removal. Inasmuch as Mendy based his claim for CAT relief on the same factual predicate as his withholding of removal claim, and the IJ properly found that claim lacked credibility, his CAT claim necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).